UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONTEGO EL XAYMAKALI BEY; and
SOL'A ZULI-ANOU BEY,

    Claimants,

v.                                     Case No. 6:18-mc-40-Orl-37TBS

SECRETARY, US STATE
DEPARTMENT; and SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,

    Defendants.

## ORDER

Before the Court is Claimants' Motion for Leave to Proceed in Forma Pauperis. (Doc. 11 ("**IFP Motion**").) On referral, U.S. Magistrate Judge Thomas B. Smith recommends that the Court deny the IFP Motion. (Doc. 12 ("**R&R**").) Claimants objected (Doc. 13 ("**Objection**")), and on de novo review, the Court finds that the Objection is due to be overruled, and the R&R is due to be adopted in part and modified in part.

### I. PROCEDURAL HISTORY

This action is one of four filed on June 8, 2018, against Defendants.[1] In each case, the claimant has filed a document labeled "Emergency Diplomatic Relations," seeking "a

---

[1] *See Bey v. Sec'y of Dep't of Homeland Sec.*, No. 6:18-mc-37-Orl-40KRS (M.D. Fla. June 6, 2018); *Bey v. Sec'y Dep't of Homeland Sec.*, No. 6:18-mc-38-Orl-41TBS (M.D. Fla. June 6, 2018); and *Bey v. U.S. Sec'y of State*, 6:18-mc-39-Orl-40TBS (M.D. Fla. June 6, 2018).

-1-

Common Law Remedy pursuant to Constitutional Law 1791 (Republic)" and that Defendants "honour the full Diplomatic Immunity of the Moorish National Republic and its Heirs." (*See* Doc. 1.) The Court construes this filing—which Claimants filed ten times—as a complaint. (Docs. 1–10.) With the Complaint, Claimants attach documents titled: (1) "Patent of Nativity" (Docs. 1-1, 4-1, 7-1, 10-1); (2) "The Moorish Divine and National Movement of the World Affidavit Judicial Notice and Proclamation" (Docs. 2-1, 5-1, 8-1); and (3) "The Moorish Divine and National Movement of the World Affidavit LAWFUL NOTICE! Name Declaration, Correction Proclamation and Publication" (Docs. 3-1, 6-1, 9-1). With these filings, Claimants also filed the IFP Motion. (Doc. 11.) In his R&R Magistrate Judge Smith recommends denying the IFP Motion and dismissing this case without leave to amend. (Doc. 12.) Claimants then filed their Objection (Doc. 13), and the matter is now ripe.

## II.  LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.  ANALYSIS

In his R&R, Magistrate Judge Smith concludes that Claimants are not entitled to

proceed *in forma pauperis*. (Doc. 12, p. 1.) An individual may proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay [filing] fees or give security thereof." 28 U.S.C. § 1915(a)(1). But before a plaintiff may proceed without paying a filing fee, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *Id.* § 1915(e)(2). If a complaint fails to state a claim, a court must dismiss it. *Id.* § 1915(e)(2)(B)(ii).

A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018)[2]; *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of [Rule] 12(b)(6)."). To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In testing the sufficiency of a complaint, courts do not consider other matters outside the four corners of the pleading, and they must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

Here, Magistrate Judge Smith finds that the Complaint fails to meet basic pleading requirements because it is "incomprehensible gibberish" and "fail[s] to show the basis for the Court's subject matter jurisdiction, how [Claimants] have been damaged or the relief they seek"—even construing the Complaint liberally given Claimants' *pro se* statuses. (Doc. 12, p. 2, 4.) So Magistrate Judge Smith recommends dismissal for failure to state a claim. (*Id.*)

Claimants objected, stating because this proceeding relates to the imposition and collection of a tax, the Court should have notified the Secretary of the Treasury under 26 U.S.C. § 6903(a). (Doc. 13, p. 1.) But this untethered statutory reference is completely irrelevant for present purposes. Claimants then purport to impugn the Undersigned and Magistrate Judge Smith's impartiality because, as active members of the state bar, they have an "economic interest in the subject matter in controversy or in a party to the proceeding or have any other more than de minimis interest that could be substantially affected by the proceeding." (*Id.* at 2.) This is, of course, nonsense. Claimants do not even attempt to refute the R&R's factual findings by explaining how they have satisfied minimum pleading requirements. (*See* Doc. 13.) Thus, it is due to be overruled.

As to next steps, Magistrate Judge Smith recommends dismissal without leave to amend because Claimants have not given any indication that they can state a valid claim. (Doc. 12, p. 4 (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).)[3] The

---

[3] In his R&R, Magistrate Judge Smith relies on *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) for the proposition that dismissal with prejudice is appropriate under § 1915(e)(2)(B)(ii) where a complaint does not provide an indication that a valid claim might be stated. (Doc. 12, p. 4.) But *Troville* appears to limit the Court's ability to dismiss

Court agrees that the Complaint fails to state a claim. In addition, the Court agrees that Claimants are not entitled to leave to amend, but it reaches that conclusion via a different route than the R&R. In the Court's view, this action is also frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous where it "has little or no chance of success" and where "the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Dismissal with prejudice under § 1915 is "an extreme sanction to be exercised only in appropriate cases," *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986), but district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties, *see Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983).

This proceeding eminently qualifies for such treatment, as the confusing allegations are clearly baseless and without arguable merit in fact. *See Carroll*, 984 F.2d at 393; *see also Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal with prejudice of case as frivolous where defendant was "employing the legal system as a tool to intimidate and heckle those he imagines have done him wrong"). Permitting leave to amend here would serve only to countenance

---

an IFP complaint without granting leave to amend where Federal Rule of Civil Procedure 15(a) would permit such amendment. *See Troville*, 303 F.3d at 1260 n.5. Because *Troville* does not address under what circumstances dismissal with prejudice is appropriate, the Court does not rely on it for its conclusion that dismissal with prejudice is warranted under § 1915(e)(2)(B)(i).

Claimants' buffoonery. This the Court will not do. Thus, this case is due to be dismissed with prejudice.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Claimants Montego El Xaymakali Bey and Sol'a Zuli-Anou Bey's Objection (Doc. 13) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 12) is **ADOPTED IN PART AND MODIFIED IN PART** to the extent identified in this Order.

3. Claimants' Motion to Proceed in Forma Pauperis (Doc. 11) is **DENIED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to terminate all pending motions, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 26, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Pro se party